IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN AMIR HARRIS,               :
                                 :
           Petitioner            :
                                 :
    v.                           :    CIVIL NO. 4:CV-14-2467
                                 :
STEPHEN R. GLUNT                 :    (Judge Brann)
                                 :
                                 :
           Respondent            :

## MEMORANDUM

November 9, 2016

## Background

Shawn Amir Harris, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Named as Respondent is SCI-Rockview Superintendent Stephen Glunt.

Petitioner was sentenced to serve a three (3) to six (6) year sentence on July 22, 2005 following his conviction for possession with intent to deliver a controlled substance.  Harris was released on parole on October 13, 2009.  At the time of his release, Petitioner had 929 days remaining on his sentence and his maximum

1

release date was April 29, 2012.

On August 24, 2011, Petitioner was again arrested and charged with possession with intent to deliver a controlled substance.  One week later, the Pennsylvania Board of Probation and Parole (Parole Board) lodged a detainer against him based upon the filing of the new state criminal charges.   Following a non-jury trial in the Court of Common Pleas of Delaware County, Pennsylvania, Harris was convicted of the new offense on July 24, 2013.  He was sentenced on October 2, 2013 to serve a five (5) to fifteen (15) year term of imprisonment

As a result of Petitioner's new conviction, the Parole Board issued a warrant against Petitioner on July 24, 2013 which charged him committing a new crime while on parole.  A parole revocation hearing was conducted on September 5, 2013.  Petitioner was represented by counsel at that proceeding.  By decision dated October 24, 2013 the Parole Board ordered Harris to serve twenty-four (24) months backtime for committing a crime while on parole.

Harris' pending action claims entitlement to federal habeas corpus relief on the grounds that the Parole Board violated due process and the separation of powers doctrine when it recalculated his maximum original sentence date from April 29, 2012 to December 6, 2015.  Specifically, he contends that the Parole Board "doesn't have the power  to alter a judicially imposed sentence."  Doc. 1, ¶

2

12.  Rather, it can only require a parolee to serve the balance of his unexpired term.  Petitioner seeks a recalculation of his original maximum sentence as relief.

Respondent counters that Petitioner failed to exhaust his available state court remedies because he failed to pursue a timely appeal to the Pennsylvania Commonwealth Court.  It is alternatively argued that the Petitioner's claim is meritless.

**Discussion**

**Exhaustion**

Respondent argues in part that the present petition should not be entertained because Harris failed to exhaust his available state court remedies.  As a threshold matter, a habeas petitioner must either show that the federal constitutional claims asserted in the federal habeas petition have been "fairly presented" to the state courts; that there is an absence of available state court corrective process; or that circumstances exist rendering the available state court process ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b).

However, as correctly recognized by the Respondent, the question of exhaustion need not be resolved as the claims presented by Harris are clearly without merit.  See 28 U.S.C. § 2254(b)(2)(a federal court can deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the

3

remedies available in the courts of the State").

## **Separation of Powers**

The doctrine of separation of powers "restrains each of the three branches of the Federal Government from encroaching on the domain of the other two." Clinton v. Jones, 520 U.S. 681, 691 (1997).  Petitioner indicates that the decision by the Parole Board to recalculate the maximum date on his original sentence violated this doctrine because it constituted interference by a state agency with a judicially imposed sentence.

It is undisputed that when Harris was released on parole his maximum release date was April 29, 2012 and that he had 929 days remaining on his original sentence.  Following Petitioner's conviction on new criminal conduct, the maximum release date on his original sentence was recalculated by the Parole Board.  Under Pennsylvania state law, specifically,61 P.S.§ 6138(a),  a convicted parole violator forfeits credit for all of time he spent at liberty while on parole and requires that the parolee serve the entire remaining balance of the original term.

In sum, the administration of  Petitioner's original state sentence by the Parole Board in accordance with state law is within the discretion afforded to it under Pennsylvania law and as such did not constitute a violation of the separation of powers doctrine.  See  O'Brien v. Pennsylvania Board of Probation and Parole,

4

Civ. No. 3:13-2085, 2014 WL 3867910 *8- 9  (M.D. Pa. Aug. 4, 2014);  Handy v.

Pennsylvania Board of Probation and Parole, Civil No. 13-1741, 2013 WL

6578926 *9-10  (E. D. Pa.  Dec. 16, 2013).  Petitioner's separation of powers

argument is meritless: and it does not warrant federal habeas corpus relief.

**Sentence Recalculation**

Federal habeas corpus relief is awarded only when a state court's decision

was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the United States Supreme Court.   Petitioner

contends that the Parole Board acted improperly when it recalculated his

maximum release date on his original sentence.   As previously discussed, when

Harris was granted parole on October 13, 2009 , he had 929 days remaining on his

sentence.  As a convicted parole violator, Harris forfeited sentence credit for all

time spent while released on parole.

Accordingly, the Parole Board recalculated Petitioner's maximum original

sentence date from April 29, 2012 to December 6, 2015.  In so doing, the Parole

Board credited Harris with a total of 134 days of time spent confined from April

25, 2012 to April 29, 2012 (4 days); July 24, 2013 to October 2, 2013 (70 days);

and from August 7, 2010 to October 6, 2010 (60 days) because those periods of

confinement resulted from the Parole Board's issuance of a warrant.  The 134 days

were subtracted from the 929 days remaining on Harris' original sentence at the time of parole.  As a result, the Parole Board determined that Harris had 795 days remaining on his original sentence.  The 795 day period was deemed to commence on October 2, 3013, the date Harris began his sentence on his new conviction and resulted in a recalculated maximum sentence date of December 6, 2015.

This is not a case where a habeas petitioner is being held beyond his release date.  Due to his own criminal behavior, Harris violated his parole and lost credit for the time he spent unincarcerated.  The challenged recalculation by the Parole Board was undertaken in accordance with the § 6138(a) directive that absent limited exceptions, a parolee convicted of a new criminal offense while on parole must serve the entire remaining balance of the original term, with no credit for time served on parole.[1]  Since the Parole Board did not add any time onto Harris' original sentence, there is no basis for a finding that a judicially imposed sentence was altered.   Moreover, it has been recognized that the challenged Pennsylvania parole statute is constitutional.  See  Markel v. Pennsylvania Board of Probation and Parole, Civil No. 1:12-1691, 2014 WL 1818076 *4  (M.D. Pa. May 7, 2014)

In conclusion,  the Parole Board had the discretion under controlling

---

[1]  It is also noted that parole revocation does not impose an additional sentence or otherwise constitute a double jeopardy violation.  Snyders v. Giroux, Civil No. 15-521, 2016 WL 3456946  *4 (W.D. Pa. May 37, 2016).

Pennsylvania law to initiate a recalculation of Harris maximum release date on his original sentence.  Second, Petitioner has not established that the challenged recalculation constituted an unreasonable application of clearly established Federal law.  Finally, there has been no showing by Petitioner that the Parole Board's recalculation was incorrect.  Consequently,  there is no basis for federal habeas corpus relief.  An appropriate Order will enter.

BY THE COURT:

  s/  Matthew W. Brann
Matthew W. Brann
United States District Judge